IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH LEE RISCH,

                        Petitioner,                     OPINION AND ORDER

     v.

                                                                        20-cv-479-wmc

REED RICHARDSON, Warden,
Stanley Correctional Institution,

                        Respondent.

       Kenneth Lee Risch is presently confined at the Stanley Correctional Institution, serving a term of imprisonment for his December 2014 conviction in the Circuit Court for Taylor County, Wisconsin, for second-degree sexual assault of a child. Risch was originally placed on probation for this offense, but on September 11, 2018, his probation was revoked and he was sentenced to prison, with credit awarded for time Risch had already spent in prison as a condition of his probation and while awaiting his revocation hearing. Risch has now filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, with a supporting memorandum. (Dkt. ##1, 5.) According to these submissions, the Taylor County Circuit Court recently issued an order agreeing with the State that Risch's sentence credit had been overcounted by 48 days, which has had the effect of delaying Risch's release date from May 22, 2020, to July 10, 2020. Risch contends that by issuing this order without holding a hearing or citing any legal authorities, the court denied him his constitutional right to due process.

       Before seeking habeas relief in federal court, a petitioner must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). In Wisconsin, this means that a petitioner must present his federal claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court before coming to federal court. *Moore v. Casperson,* 345 F.3d 474, 486 (7th Cir. 2003). Public

records available electronically show that petitioner appealed the circuit court's sentence credit decision to the Wisconsin Court of Appeals, but that court has not issued a decision yet. *See* https://wcca.wicourts.gov (Taylor County Case No. 2014CF000009).

In the petition, Risch suggests that he should be excused from the exhaustion requirement because he has been held beyond the completion of his prison sentence and is entitled to his immediate release. Risch is incorrect. Exhaustion is excused only when the state court process is unavailable or otherwise ineffectual at protecting his rights. 28 U.S.C. § 2254(b)(1); *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000). Every prisoner raising a habeas corpus petition is claiming that he is being held unlawfully and entitled to his immediate release. Petitioner is no different in this regard. If petitioner's view of exhaustion was the law, there would be no exhaustion requirement at all. Nothing in the petition indicates that the Wisconsin courts are unable to provide petitioner relief for his claim.

ORDER

IT IS ORDERED that Kenneth Risch's petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his state court remedies.

Entered this 12th day of June, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge